# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Curtis Anthony,<br><br>             Plaintiff,<br><br>vs.<br><br>The Boeing Company,<br><br>             Defendant. | Case No. 2:19-CV-01656-DCN-BM<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

NOW COMES THE DEFENDANT, THE BOEING COMPANY ("Boeing" or "Defendant"), by and through its undersigned counsel, and answers the Complaint of Plaintiff Curtis Anthony ("Plaintiff") as follows:

Each and every allegation not specifically admitted below is denied.

## AS TO "INTRODUCTION"

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has filed a lawsuit, but denies that it is factually correct or legally valid. Answering further, Defendant denies harming Plaintiff in any way, including as alleged in the Complaint.

## AS TO "JURISDICTION AND VENUE"

2. Paragraph 2 of the Complaint calls for a legal conclusion to which Defendant is not required to respond.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Defendant is an entity properly conducting business in North Charleston, South Carolina. The remainder of Paragraph 3 calls for a legal conclusion to which Defendant is not required to respond.

## AS TO "PARTIES"

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or information regarding Plaintiff's current county of residence and, therefore, denies the same. Defendant admits the remaining allegations of Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant admits that it is a Delaware Corporation, headquartered in Chicago, with a significant manufacturing operation in North Charleston.

## AS TO "FACTS"

6. Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff began working on or about May 20, 2011 as a Quality Inspector. Answering further, Defendant admits that several persons have supervised Plaintiff during his employment, including but not limited to those listed in Paragraph 6. Answering further, in response to the final sentence of Paragraph 6 of the Complaint, Defendant denies that his first supervisor at Boeing was Corey Townes. Defendant further states that Plaintiff's job performance has varied, craves reference to Plaintiff's performance management documents, and denies all allegations inconsistent therewith. Defendant denies the remaining allegations in this paragraph.

7. Answering Paragraph 7 of the Complaint, Defendant admits this allegation to the extent that Plaintiff alleges he worked in the Decorative Paint Building as well as various other locations at the Airport Campus under the supervision of various managers, including those referenced in paragraph 7. Defendant denies Plaintiff worked under the supervision of Katherine Rinngold on or around April 2017. Defendant denies the remaining allegations in this paragraph.

8. Answering Paragraph 8 of the Complaint, Defendant denies the allegations in this paragraph.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations in this paragraph. Answering further, Caucasian employees, including a Caucasian manager, reported claims of urination in their work areas, while Plaintiff made no such complaints at any time.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations in this paragraph.

11. Answering Paragraph 11 of the Complaint, Defendant admits only that during his employment, Plaintiff has worked in various locations and under the supervision of various managers. Answering further, Quality Inspectors in the Paint Organization support all paint operations across the site, as did Plaintiff. Defendant denies the Component Paint building is "without air conditioning" or a less desirable work location. Defendant denies all other allegations contained in this paragraph.

12. Answering Paragraph 12 of the Complaint, Defendant denies the allegations.

13. Answering Paragraph 13 of the Complaint, Defendant admits only that, from time to time, Plaintiff has been granted and used FMLA leave even when he was not legally entitled to do so. Answering further, Defendant asserts that Plaintiff was allowed to take FMLA leave on at least two occasions, the first time after refusing to take a reasonable suspicion drug and alcohol test following complaints of him smelling of alcohol at work, and the second time after refusing a follow-up test due to a prior abnormal test result. In response to the last sentence of Paragraph 13, Defendant admits, upon information and belief, that Plaintiff sought drug and/or alcohol treatment and used Boeing's Employee Assistance Program benefits. Defendant denies the remaining allegations in this paragraph.

14. Answering Paragraph 14 of the Complaint, Defendant admits only that, from time to time, Plaintiff has used FMLA leave and subsequently returned to work. Defendant further

asserts that it transferred Plaintiff, as his request, to its Aftbody building following his return from FMLA leave in January 2018.  Defendant denies the remaining allegations contained in this paragraph.

15. Answering Paragraph 15 of the Complaint, Defendant admits only that Plaintiff has applied for one or more openings during his employment and that Defendant selected the most qualified candidate without regard to any leave or protected category status. Defendant denies the remaining allegations in this paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant admits that during his employment, Plaintiff has worked at various locations, including voluntarily transferring to a temporary position in New Orleans.  Defendant further asserts that Plaintiff was permitted to prematurely end his temporary position in New Orleans due to a personal and/or family hardship, which resulted in him returning to the Airport Campus without penalty.  Answering further, Defendant admits that several persons have supervised Plaintiff during his tenure, including those noted in the last sentence of Paragraph 16.  Defendant denies the remaining allegations in this paragraph.

17. Answering Paragraph 17 of the Complaint, Defendant admits only that a knotted string, which Plaintiff calls a "noose," was reported to the company on or about February 28, 2019. Defendant admits that Plaintiff was one of those who reported the presence of this knotted string, but specifically denies that it was located over or near Plaintiff's workstation or otherwise directed at Plaintiff. Defendant conducted a prompt, thorough investigation, resulting in the termination of a co-worker's employment.  Defendant denies the remaining allegations contained in this paragraph.

18.     Answering Paragraph 18 of the Complaint, Defendant states that Plaintiff has returned from FMLA leave, but denies the allegations in this paragraph.

19.     Answering Paragraph 19 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 1"

20.     Answering Paragraph 20 of the Complaint, Defendant denies the allegations in this paragraph.

21.     Answering Paragraph 21 of the Complaint, Defendant denies the allegations in this paragraph.

22.     Answering Paragraph 22 of the Complaint, Defendant denies the allegations in this paragraph.

23.     Answering Paragraph 22 of the Complaint, Defendant denies the allegations in this paragraph. Specifically including sub-paragraphs a, b, and c.

24.     Answering Paragraph 24 of the Complaint, Defendant denies the allegations in this paragraph.

25.     Answering Paragraph 25 of the Complaint, Defendant denies the allegations in this paragraph.

26.     Answering Paragraph 26 of the Complaint, Defendant denies the allegations in this paragraph.

27.     Answering Paragraph 27 of the Complaint, Defendant denies the allegations in this paragraph.

28.     Answering Paragraph 28 of the Complaint, Defendant denies the allegations in this paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 2"

30. Answering Paragraph 30 of the Complaint, Defendant repeats and incorporates its prior responses.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations in this paragraph.

32. Answering Paragraph 32 of the Complaint, Defendant admits that it is an Equal Opportunity Employer and that it maintains a general EEO policy statement, but denies the remaining allegations in this paragraph.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations in this paragraph.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations in this paragraph.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations in this paragraph.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations in this paragraph.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations in this paragraph.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 3"

39. Answering Paragraph 39 of the Complaint, Defendant repeats and incorporates its prior responses.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations in this paragraph.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations in this paragraph.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations in this paragraph.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 4"

44. Answering Paragraph 44 of the Complaint, Defendant repeats and incorporates its prior responses.

45. Answering Paragraph 45 of the Complaint, Defendant denies the allegations in this paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations in this paragraph.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations in this paragraph.

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 5"

49. Answering Paragraph 49 of the Complaint, Defendant repeats and incorporates its prior responses.

50. Answering Paragraph 50 of the Complaint, Defendant denies the allegations in this paragraph.

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations in this paragraph.

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "COUNT 6"

53. Answering Paragraph 53 of the Complaint, Defendant repeats and incorporates its prior responses.

54. Answering Paragraph 54 of the Complaint, Defendant admits that the Family Medical Leave Act (FMLA) covers Defendant. Defendant denies the remaining allegations in this paragraph.

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations in this paragraph.

56. Answering Paragraph 56 of the Complaint, Defendant denies the allegations in this paragraph.

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations in this paragraph.

## AS TO "JURY TRIAL REQUESTED"

58. Answering Paragraph 58 of the Complaint, Defendant acknowledges that Plaintiff requests a jury trial, but denies that Plaintiff has alleged any valid claims. Defendant further asserts that to the extent Plaintiff demands equitable relief, those are questions for the court, not the jury.

## AS TO "PRAYER FOR RELIEF"

59. Answering the un-numbered Prayer for Relief, including sub-paragraphs (1), (2), (3), (4) and (6) (sic), Defendant denies Plaintiff's allegations and denies harming Plaintiff in any way.

## FURTHER ANSWERING THE COMPLAINT AND AS A FIRST DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted.

## FURTHER ANSWERING THE COMPLAINT AND AS A SECOND DEFENSE

Plaintiff's claims are barred because Defendant's actions with respect to Plaintiff, if any, were at all times reasonable, lawful, made in good faith, and for legitimate, non-discriminatory and non-retaliatory reasons.

## FURTHER ANSWERING THE COMPLAINT AND AS A THIRD DEFENSE

Defendant's decisions with regard to assignments, promotions, reassignments, or leaves of absence for Plaintiff were reasonable and based on legitimate, non-discriminatory, non-retaliatory reasons.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A FOURTH DEFENSE

The employment practices of Defendant are now, and have been during the period of time relevant to Plaintiff's Complaint, conducted in accordance with all state and federal laws, regulations and constitutions.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A FIFTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust all administrative remedies.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A SIXTH DEFENSE

Defendant maintained, disseminated and enforced a clear policy prohibiting discrimination and retaliation and establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory or retaliatory. Defendant acted in accordance with its policy at all times.

To the extent Plaintiff did not report conduct that Plaintiff perceived to be discriminatory or retaliatory, Plaintiff violated Defendant's policy, failed to take advantage of the relief afforded by such policy, and cannot now recover on claims related to such conduct.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A SEVENTH DEFENSE

Any claims based on Plaintiff's allegations of discriminatory or retaliatory treatment or any other alleged harassment are barred by *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742 (1998), *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and related authority, to the extent that any such alleged treatment did not culminate in any tangible employment action, because Defendant exercised reasonable care to prevent and promptly correct any harassing or

discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FURTHER ANSWERING THE COMPLAINT
### AND AS AN EIGHTH DEFENSE

To the extent Plaintiff alleges that he was subject to a hostile work environment, which Defendant expressly has denied, and again denies, those claims are also barred as Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant and unreasonably failed to avoid harm otherwise.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A NINTH DEFENSE

Each employment action taken by Defendant with regard to Plaintiff, if any, was for a legitimate business purpose. Even if they were not—which Defendant denies—the same actions would have been taken with regard to Plaintiff's employment.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A TENTH DEFENSE

Some or all of Plaintiff's allegations and claims are barred by the applicable statute of limitations.

### FURTHER ANSWERING THE COMPLAINT
### AND AS AN ELEVENTH DEFENSE

Plaintiff's claims are barred because he was an at-will employee with no express or implied contract of employment.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A TWELFTH DEFENSE

Plaintiff's claims for implied employment contract are based on policies containing one or more disclaimers and the policies do not evidence mandatory terms or contractual intent.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A THIRTEENTH DEFENSE

Plaintiff has failed to adequately plead the alleged fraud supposedly underlying his claim for breach of contract accompanied by fraudulent act.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence. Alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches and unclean hands.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A SIXTEENTH DEFENSE

The exclusive remedy for some or all of Plaintiff's claims is workers compensation

### FURTHER ANSWERING THE COMPLAINT
### AND AS A SEVENTEENTH DEFENSE

To the extent Plaintiff demands equitable relief, those are questions for the court, not the jury.

### FURTHER ANSWERING THE COMPLAINT
### AND AS AN EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate his claims of damages, the existence of such damages hereby denied.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A NINETEENTH DEFENSE

In response to Plaintiff's FMLA claim, Defendant acted reasonably, in accordance with

its policies, and did not take adverse action against Plaintiff.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A TWENTIETH DEFENSE

Even if Defendant had violated the FMLA, which is expressly denied, Plaintiff would not be entitled to liquidated damages because Defendant acted at all times in good faith and upon reasonable grounds and neither knew nor showed reckless disregard for whether its conduct violated the FMLA or any other law.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A TWENTY-FIRST DEFENSE

To the extent Plaintiff suffered damages, which Defendant denies, Plaintiff's damages were not proximately caused by Defendant and were caused by others, including Plaintiff himself.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred on constitutionality grounds, as well as on the grounds that Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights, and on the grounds that Defendant, at all times, made reasonable, good faith efforts to comply with applicable law.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A TWENTY-THIRD DEFENSE

Defendant reserves the right to assert, via amended pleadings, any and all additional and/or further defenses as may be revealed by additional information and/or documentation produced and/or acquired through discovery.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that the Court:

    (1)    Dismiss the Complaint in its entirety with prejudice;

    (2)       Award appropriate costs and fees to Defendant; and

    (3)       Provide such other and further relief as the Court deems proper.

<u>/s/ William H. Floyd, III</u>
William H. Floyd, III  Fed. ID 1580
wfloyd@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Post Office Drawer 2426
Columbia, SC  29202
Telephone: (803) 771-8900
Fax: (803) 253-8277

ATTORNEYS FOR DEFENDANT
THE BOEING COMPANY

July 8, 2019

14